STEVEN N. BERGER, SBA #009613
PATRICK A. CLISHAM, SBA #023154
MICHAEL P. ROLLAND, SBA #030744
**ENGELMAN BERGER, P.C.**
2800 NORTH CENTRAL AVENUE, SUITE 1200
PHOENIX, ARIZONA 85004
_____
Ph: (602) 271-9090
Fax: (602) 222-4999
Email: snb@eblawyers.com
Email: pac@eblawyers.com
Email: mpr@eblawyers.com
_____
Counsel for GPMI Litigation Trust

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 11 |
|---|---|
| GPMI, CO., an Arizona corporation, | Case No. 2:22-bk-00150-EPB |
| EIN 86-0635770 | Adv. Case No. 2:22-ap-00245-EPB |
| Debtor. | |
| | **STIPULATION TO DISMISS COMPLAINT WITH PREJUDICE** |
| GPMI, CO., an Arizona corporation, | |
| Plaintiff, | |
| v. | |
| EASTERN SHIPPING WORLDWIDE, INC. , an Illinois corporation, | |
| Defendants. | |

Plaintiff, GPMI Litigation Trust and Defendant, Eastern Shipping Worldwide, Inc., through undersigned counsel, having agreed to fully settle their disputes in accordance with the terms of the Settlement Agreement attached hereto as **Exhibit "A,"** hereby STIPULATE and AGREE that the Court may dismiss the Complaint filed in this matter with prejudice and with both parties to bear their own attorneys' fees and costs. A proposed form of order is lodged herewith.

**RESPECTFULLY SUBMITTED** this 1st day of December, 2023.

**ENGELMAN BERGER, PC**
2800 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004

By: /s/ *Michael P. Rolland, #30744*
Steven N. Berger
Patrick A. Clisham
Michael P. Rolland
*Attorneys for GPMI Litigation Trust,*

**CLARK HILL PLC**
3200 N. Central Avenue, Suite 1600
Phoenix, Arizona 85012

By: /s/ *James L. Ugalde* (with permission)__
James L. Ugalde
*Attorneys for Eastern Shipping Worldwide, Inc.*

**COPY** of the foregoing served via the
Court's CM/EMF system, with a **COPY**
emailed on this 1st day of December, 2023, upon:

OFFICE OF THE U.S. TRUSTEE
Attn: Larry L. Watson
**Via Email: Larry.Watson@usdoj.gov**

James L. Ugalde
CLARK HILL PLC
*Attorneys for Eastern Shipping Worldwide, Inc.*
**Via Email: jugalde@clarkhill.com**

 /s/ Alyssa C. Moomaw

# EXHIBIT "A"

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is made and entered by and between GPMI Litigation Trust (the "**Trust**"), and Eastern Shipping Worldwide, Inc., an Illinois corporation ("**Eastern**"). The Trust and Eastern are referred to individually as a "**Party**" and collectively as the "**Parties**."

# RECITALS

A.      On January 10, 2022, GPMI Co., an Arizona corporation ("**GPMI**") filed a voluntary petition for relief in the United States Bankruptcy Court for the District of Arizona under chapter 11 of Title 11 of the United States Code, commencing bankruptcy case no. 2:22-bk-00150-EPB ("**Bankruptcy Case**").

B.      On April 19, 2022, Eastern filed a proof of claim, at Claim No. 48, in the amount of $1,756,958.26, plus all accrued and accruing interest, costs, fees, and other charges ("**Prepetition Claim**"). In general, the Prepetition Claim arises from a *Credit Application and Agreement* ("**Credit Agreement**") between Eastern and GPMI, and Eastern asserts GPMI failed to make payments for shipments of goods defined in the Prepetition Claim as the 23 Shipments and 7 Shipments (collectively the "**Shipments**").

C.      On April 14, 2022, Eastern and GPMI entered into a *Stipulation By And Between Debtor GPMI Co. And Eastern Shipping Worldwide, Inc. For Modification Of The Automatic Stay And Related Relief* ("**Stipulation**") to, among other things, lift the automatic stay to allow Eastern to continue litigating its action against GPMI in the United States District Court for the Central District of California, pending at Case No. 2:21-cv-08293-RGK (the "**California Litigation**"), and take actions necessary to foreclose upon and liquidate the 7 Shipments to mitigate its alleged damages [Dkt. 163]. The Court approved the Stipulation on May 8, 2022 [Dkt. 189].

D.      Eastern also asserts administrative expense claim for post-petition fees allegedly incurred by Eastern to store some of the Shipments. Eastern's post-petition administrative claim was filed with the Court on December 30, 2022 ("**Administrative Claim**") [Dkt. 466].

E.      On October 28, 2022, GPMI filed its *Adversary Complaint to Determine The Extent And Validity of Claim*, thereby commencing adversary no. 2:22-ap-00245-EPB ("**Adversary Case**"), seeking to, among other things, determine the extent and validity of Eastern's Prepetition Claim and Administrative Claim.

F.      On October 31, 2022, GPMI filed its *Second Amended Plan of Reorganization* ("**Plan**") [Dkt. 340]. The Court entered its final order confirming the Plan on November 28, 2022 ("**Confirmation Order**") [Dkt. 417]. Among other things, the Confirmation Order and Plan provided for the formation of the Trust and approval of the GPMI Litigation Trust Agreement filed with the Court at Dkt. 366 ("**Trust Agreement**")

G.      On April 28, 2023, the Trust filed *Plaintiff's Motion for Summary Judgment on Count II To Disallow Previously Rejected Administrative Claim in the Adversary Case* ("**MSJ**") [Adv. Dkt. 12], wherein the Trust asked for summary judgment against Eastern regarding its

1

Administrative Claim. On June 27, 2023, the Court entered an interlocutory order denying the MSJ [Adv. Dkt. 40], and the Trust subsequently filed a timely *Notice of Appeal* (the "**Appeal**") to the Bankruptcy Appellate Panel of the Ninth Circuit [Adv. Dkt. 42]. Upon Eastern's request, the Appeal was transferred on July 31, 2023 to the United States District Court for the District of Arizona, case no. CV-23-01547-DLR, where the Appeal currently remains pending.

H.      The Parties are entering into this Agreement to settle and resolve any and all disputes, differences, and claims that now exist or may exist between them relating to the Credit Agreement, Shipments, California Litigation, Prepetition Claim, Administrative Claim, Bankruptcy Case, the Adversary Case, and the Appeal, subject to the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the foregoing Recitals, and the mutual covenants, obligations, and release contained herein, the Parties hereby agree as follows:

## COVENANTS

1.      **Incorporation of Recitals.**  The foregoing Recitals are hereby incorporated by reference as additional terms of this Agreement, and the Parties hereby affirm the accuracy and truthfulness of the foregoing Recitals.

2.      **Conditions Precedent**. This Agreement is subject to and conditioned upon the occurrence of each of the following conditions. The date on which all of the following conditions have been satisfied is the "**Effective Date**."

a.      Each of the Parties shall have signed this Agreement and delivered a copy of this Agreement bearing their signatures to the other Parties.

b.      Eastern shall have delivered to the Trust a signed copy of the stipulation ("**Stipulation to Allow Claims**") attached hereto as **Exhibit A**.

c.      Eastern shall have delivered to the Trust a signed copy of the stipulation ("**Stipulation to Dismiss Adversary Case**") attached hereto as **Exhibit B** stipulating to the dismissal of the Adversary Case with Prejudice with each party to bear their own attorneys' fees and costs.

d.      Eastern shall have delivered to the Trust a signed copy of the stipulation ("**Stipulation to Dismiss Appeal**") attached hereto as **Exhibit C** stipulating to dismissal of the Appeal with each party to bear their own attorneys' fees and costs.

3.      **Filing of Stipulations.**

a.      Within three (3) business days of the Effective Date, the Trust shall cause its counsel to file the Stipulation to Allow Claims in the Bankruptcy Case and lodge the *Order Granting Stipulation to Allow Administrative Claim and General Unsecured Claim of Eastern Shipping Worldwide, Inc.* ("**Order Granting Stipulation to Allow Claims**") attached hereto as Exhibit A.

2

     b.     Within five (5) business days of the Bankruptcy Court's entry of the Order Granting Stipulation to Allow Claims, the Trust shall cause its counsel to:

> i. file in the Adversary Case the Stipulation to Dismiss Adversary Case and lodge the *Order Granting Stipulation to Dismiss Complaint with Prejudice* attached hereto as Exhibit B; and

> ii. file in the District Court Appeal the Stipulation to Dismiss Appeal and lodge the *Order Granting Stipulation to Dismiss Appeal* attached hereto as Exhibit C.

    4.    **Allowance of Claims**. As described more fully in the Stipulation to Allow Claims in the Bankruptcy Case and the Order Granting Stipulation to Allow Claims, the Parties agree that, subject to the Bankruptcy Court's entry of the Order Granting Stipulation to Allow Claims, Eastern's Prepetition Claim and Administrative Claim shall be allowed and paid as follows:

     a.     Eastern's Prepetition Claim shall be allowed as a general unsecured, non-priority claim in the amount of $1,756,671.89 ("**Unsecured Claim**") payable pursuant to the terms of the Confirmation Order and Plan for Class 8 General Unsecured Claims; and

     b.     Eastern's Administrative Claim shall be allowed in the total amount of $129,013.18, payable through:

> i. a lump sum payment of $42,500.00 due within five (5) business days of the Bankruptcy Court's entry of the Order Granting Stipulation to Allow Claims; and

> ii. as to the remaining portion of Eastern's Administrative Claim, totaling $86,513.18, Eastern shall be entitled to collect payment in full of up to $86,513.18 from the Trust subject to the terms of the Trust Agreement, except, however, that the remaining portion of Eastern's Administrative Claim, totaling $86,513.18, shall be entitled to, and paid as, a priority payment in full before any pro rata distributions are made to Class 8 General Unsecured Claims.

    5.    **Mutual Release.** Immediately upon the Bankruptcy Court's entry of the Order Granting Stipulation to Allow Claims, each of the Parties shall be deemed to have mutually released and forever discharged each other Party and their respective predecessors, successors, affiliates, attorneys, insurers, agents, trustees, representatives and assigns (collectively, the "**Released Parties**"), from any and all claims, losses, liabilities, obligations, suits, debts, liens, contracts, agreements, promises, demands and damages, of any nature whatsoever, known or unknown, asserted, or which could have been asserted, suspected or unsuspected, fixed or contingent, that the Parties ever had, now have, or hereafter may have against one another, and which arise out of or relate to the Credit Agreement, Shipments, California Litigation, Prepetition Claim, Administrative Claim, Bankruptcy Case, the Adversary Case, and the Appeal, except as

expressly preserved or provided for under this Agreement. This release shall not relieve any of the Parties of their respective obligations under this Agreement.

6. **General**.

a. <u>Successors and Assigns</u>. The Parties understand and expressly agree that this Agreement will be binding upon them, as well as their heirs, legal representatives, personal representatives, successors, assigns, agents, and other representatives.

b. <u>Venue and Governing Law</u>. This Agreement has been executed in the State of Arizona and the laws of the State of Arizona shall govern the validity and interpretation of this Agreement and the performance of the Parties under this Agreement, without regard to conflict of law principles. Any action or proceeding arising out of or related to this Agreement shall be filed and maintained exclusively in the Bankruptcy Court, and the prevailing party shall be entitled to an award of their attorneys' fees and costs.

c. <u>Severability</u>. Except for paragraphs 2-4, if a court of competent jurisdiction declares any of the Agreement's provisions unenforceable, the remaining provisions shall be enforced as though the Agreement does not contain the unenforceable provisions.

d. <u>Entire Agreement</u>. This Agreement sets forth the Parties' complete and final agreement with respect to the resolution of the matters set forth herein, and amends any and all prior agreements referenced herein or understandings between the Parties pertaining to the matters addressed herein. This Agreement may not be altered or amended except by a written instrument executed by all Parties who are affected by such alteration or amendment. This Agreement shall not be effective unless and until executed by all Parties.

e. <u>Full and Independent Knowledge</u>. The Parties represent that they have thoroughly discussed all aspects of this Agreement with their respective attorneys, or that they have had the opportunity to consult with an attorney of their choosing, and that they fully understand all of the provisions of the Agreement, and are voluntarily entering into this Agreement.

f. <u>Further Assurances</u>. Each Party agrees to do any other act or execute any additional documents reasonably requested by any other Party to effectuate the purposes of this Agreement.

g. <u>Construction</u>. The Parties and signatories hereto, and each of them, agree and acknowledge that the terms and language of this Agreement have been jointly drafted by all of the Parties and waive the application of any rule construing ambiguities against the drafter.

h. <u>Attorneys' Fees</u>. The Parties shall bear their own costs and attorneys' fees with respect to the negotiation, documentation, and execution of this Agreement.

4

DocuSign Envelope ID: AE9B1352-7E08-4E2F-9516-B0A53E0F66E8

i.     Counterparts and Execution. This Agreement may be executed in multiple counterparts, each of which, when so executed, shall be deemed an original, but all such counterparts shall constitute but one and the same Agreement. This Agreement may be executed and transmitted electronically, including by email and facsimile, and such electronic signatures and copies shall have the force and effect of an original signature.

j.     No Third-Party Beneficiaries. This Agreement is intended for the benefit of the Parties hereto and their respective successors and permitted assigns and is not for the benefit of, nor may any provision hereof be enforced by, any other person or entity, except as otherwise expressly set forth herein.

k.     Trust Authorization to Perform Under Agreement. The Trust hereby represents and warrants that it has obtained all required and necessary approvals to file, execute, deliver and perform under (i) this Agreement (ii) the Stipulation to Allow Claims, (iii) the Stipulation to Dismiss Adversary Case and (iv) the Stipulation to Dismiss Appeal, as applicable, including, without limitation, obtaining any and all approval and consent from the "Trust Oversight Board" and the "Trustee" as such terms are defined in the Trust Agreement.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement effective as of the Effective Date.

**GPMI LITIGATION TRUST**

By: _____*Yarron Bendor*_____     Date: ____11/13/2023____
13EC6FF762424C7
Yarron Bendor, Trustee


**EASTERN SHIPPING WORLDWIDE, INC., AN ILLINOIS CORPORATION**


By: _____     Date: _____
Printed Name:_____
Its: _____

5

i.    Counterparts and Execution. This Agreement may be executed in multiple counterparts, each of which, when so executed, shall be deemed an original, but all such counterparts shall constitute but one and the same Agreement. This Agreement may be executed and transmitted electronically, including by email and facsimile, and such electronic signatures and copies shall have the force and effect of an original signature.

j.    No Third-Party Beneficiaries. This Agreement is intended for the benefit of the Parties hereto and their respective successors and permitted assigns and is not for the benefit of, nor may any provision hereof be enforced by, any other person or entity, except as otherwise expressly set forth herein.

k.    Trust Authorization to Perform Under Agreement. The Trust hereby represents and warrants that it has obtained all required and necessary approvals to file, execute, deliver and perform under (i) this Agreement (ii) the Stipulation to Allow Claims, (iii) the Stipulation to Dismiss Adversary Case and (iv) the Stipulation to Dismiss Appeal, as applicable, including, without limitation, obtaining any and all approval and consent from the "Trust Oversight Board" and the "Trustee" as such terms are defined in the Trust Agreement.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement effective as of the Effective Date.

**GPMI LITIGATION TRUST**

By: _____        Date: _____
        Yarron Bendor, Trustee


**EASTERN SHIPPING WORLDWIDE, INC., AN ILLINOIS CORPORATION**

By: _____        Date: 11/13/2023
Printed Name: _____
Its: _____

5

DocuSign Envelope ID: AE9B1352-7E08-4E2F-9516-B0A53E0F66E8

# EXHIBIT "A"

DocuSign Envelope ID: AE9B1352-7E08-4E2F-9516-B0A53E0F66E8

1  STEVEN N. BERGER, SBA #009613
   PATRICK A. CLISHAM, SBA #023154
2  MICHAEL P. ROLLAND, SBA #030744
   **ENGELMAN BERGER, P.C.**
3  2800 NORTH CENTRAL AVENUE, SUITE 1200
   PHOENIX, ARIZONA 85004
4  _____
   Ph:  (602) 271-9090
5  Fax:  (602) 222-4999
   Email: snb@eblawyers.com
   Email: pac@eblawyers.com
6  Email: mpr@eblawyers.com
   _____
7  Counsel for the GPMI Litigation Trust

8              **IN THE UNITED STATES BANKRUPTCY COURT**

9              **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 11 |
| GPMI, CO., an Arizona corporation, | Case No. 2:22-bk-00150-EPB |
| EIN 86-0635770 | |
| Debtor. | **STIPULATION TO ALLOW ADMINISTRATIVE CLAIM AND GENERAL UNSECURED CLAIM OF EASTERN SHIPPING WORLDWIDE, INC.** |

GPMI Litigation Trust ("**Trust**") and Eastern Shipping Worldwide, Inc. ("**Eastern**"), through undersigned counsel, having agreed to fully settle their disputes in accordance with the terms of the Settlement Agreement attached hereto as **Exhibit "A,"** hereby STIPULATE and AGREE that Eastern Shipping Worldwide, Inc. shall be allowed:

- A general unsecured, non-priority claim in the amount of $1,756,671.89 payable pursuant to the terms of the Confirmation Order [Dkt. 417] and Second Amended Plan of Reorganization [Dkt. 340] for Class 8 General Unsecured Claims;

- An administrative expense claim in the total amount of $129,013.18 (the "**Administrative Claim**"), payable as follows:

  o a lump sum payment of $42,500.00, due within five (5) business days of the Court's entry of the order lodged herewith granting this Stipulation;

  o as to the remaining portion of Eastern's Administrative Claim, totaling

$86,513.18, Eastern shall be entitled to collect payment in full of up to $86,513.18 from the Trust subject to the terms of the GPMI Litigation Trust Agreement filed with the Court at Dkt. 366, except, however, that the remaining portion of Eastern's Administrative Claim, totaling $86,513.18, shall be entitled to, and paid as, a priority payment in full before any pro rata distributions are made to Class 8 General Unsecured Claims.

The Parties respectfully request that the Court enter the proposed form of order lodged herewith.

      **DATED** this ___ day of November, 2023.

| | |
|---|---|
| **ENGELMAN BERGER, PC** | **CLARK HILL PLC** |
| 2800 N. Central Avenue, Suite 1200 | 3200 N. Central Avenue, Suite 1600 |
| Phoenix, Arizona 85004 | Phoenix, Arizona 85012 |
| | |
| By: /s/ *Michael P. Rolland, #30744* | By: /s/ *James L. Ugalde* (with permission)__ |
| Steven N. Berger | James L. Ugalde |
| Patrick A. Clisham | *Attorneys for Eastern Shipping Worldwide, Inc.* |
| Michael P. Rolland | |
| *Attorneys for GPMI Litigation Trust,* | |

**COPY** of the foregoing transmitted via the Court's ECF system, and as indicated this ____ day of November, 2023, to the following:

OFFICE OF THE U.S. TRUSTEE
Attn: Larry L. Watson
**Via Email: Larry.Watson@usdoj.gov**

Post-Confirmation Notice Recipients:

Jason D. Curry
Amelia B. Valenzuela
Randy J. Pflum
QUARLES & BRADY, LLP
*Counsel for NFS Leasing, Inc.*
**Via Email: Jason.curry@quarles.com**
**Via Email: Amelia.valenzuela@quarles.com**
**Via Email: Randy.pflum@quarles.com**


James L. Ugalde
CLARK HILL PLC
*Attorneys for Eastern Shipping Worldwide, Inc.*
**Via Email: jugalde@clarkhill.com**

2

DocuSign Envelope ID: AE9B1352-7E08-4E2F-9516-B0A53E0F66E8

1  Prisma
   c/o Ken Patrick
2  **Via Email:  kpatrick@poweredbyprisma.com**

3  Robert A. Shull
   Bradley A. Burns
4  Emily A. Gould
   DICKINSON WRIGHT PLLC
5  **Via Email:  rshull@dickinsonwright.com**
   **Via Email:  bburns@dickinsonwright.com**
6  **Via Email:  egould@dickinsonwright.com**

7  Christopher L. Perkins, Esq.
   ECKERT SEAMANS CHERIN & MELLOTT, LLC
8  *Attorneys for Scandia Plastics, LLC*
   **Via Email:  cperkins@eckertseamans.com**

9
   Angela Breitbach, CFO
10 RADIUS PACKAGING
   **Via Email:  abreitbach@radiuspkg.com**

11
   Peter Chen
12 On behalf of Webpro Corp.
   **Via Email:  chenhr@eximbank.com.tw**

13

14  */s/* _____

15

16

17

18

19

20

21

22

23

24

25

26

27

ENGELMAN BERGER, P.C.
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004

3

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 11 |
| GPMI, CO., an Arizona corporation, | Case No. 2:22-bk-00150-EPB |
| EIN 86-0635770 | **ORDER GRANTING STIPULATION TO ALLOW ADMINISTRATIVE CLAIM AND GENERAL UNSECURED CLAIM OF EASTERN SHIPPING WORLDWIDE, INC.** |
| Debtor. | |

THE COURT, having considered the *Stipulation to Allow Administrative Claim And General Unsecured Claim of Eastern Shipping Worldwide, Inc.* ("**Stipulation**") filed by GPMI Litigation Trust ("**Trust**") and Eastern Shipping Worldwide, Inc. ("**Eastern**"), and for good cause, HEREBY ORDERS:

1. The Stipulation is approved.

2. Eastern has an allowed general unsecured, non-priority claim in the amount of $1,756,671.89 payable pursuant to the terms of the Confirmation Order [Dkt. 417] and Second Amended Plan of Reorganization [Dkt. 340] for Class 8 General Unsecured Claims.

3. Eastern has an allowed administrative claim in the amount of $129,013.18 (the "**Administrative Claim**"), payable as follows:

   a. a lump sum payment of $42,500.00, due within five (5) business days of the Court's entry of the order lodged herewith granting this Stipulation;

DocuSign Envelope ID: AE9B1352-7E08-4E2F-9516-B0A53E0F66E8

b. as to the remaining portion of Eastern's Administrative Claim, totaling $86,513.18, Eastern shall be entitled to collect payment in full of up to $86,513.18 from the Trust subject to the terms of the GPMI Litigation Trust Agreement filed with the Court at Dkt. 366, except, however, that the remaining portion of Eastern's Administrative Claim, totaling $86,513.18, shall be entitled to, and paid as, a priority payment in full before any pro rata distributions are made to Class 8 General Unsecured Claims.

4. Counsel for the Trust shall serve a copy of this Order upon Eastern Shipping Worldwide, Inc., and shall file a certificate of service.

**DATED AND SIGNED ABOVE.**

2

DocuSign Envelope ID: AE9B1352-7E08-4E2F-9516-B0A53E0F66E8

# EXHIBIT "B"

1  STEVEN N. BERGER, SBA #009613
   PATRICK A. CLISHAM, SBA #023154
2  MICHAEL P. ROLLAND, SBA #030744
   **ENGELMAN BERGER, P.C.**
3  2800 NORTH CENTRAL AVENUE, SUITE 1200
   PHOENIX, ARIZONA 85004
4  —————————
   Ph: (602) 271-9090
5  Fax: (602) 222-4999
   Email: snb@eblawyers.com
6  Email: pac@eblawyers.com
   Email: mpr@eblawyers.com
   —————————
7  Counsel for GPMI Litigation Trust

8  ## IN THE UNITED STATES BANKRUPTCY COURT

9  ## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 10  In re: | Chapter 11 |
| 11  GPMI, CO., an Arizona corporation, | Case No. 2:22-bk-00150-EPB |
| 12  EIN 86-0635770 | Adv. Case No. 2:22-ap-00245-EPB |
| 13  Debtor. | |
| 14 | **STIPULATION TO DISMISS COMPLAINT WITH PREJUDICE** |
| 15 | |
| 16  GPMI, CO., an Arizona corporation, | |
| 17  Plaintiff, | |
|  v. | |
| 18  EASTERN SHIPPING WORLDWIDE, | |
| 19  INC. , an Illinois corporation, | |
| 20  Defendants. | |

21      Plaintiff, GPMI Litigation Trust and Defendant, Eastern Shipping Worldwide, Inc.,

22  through undersigned counsel, having agreed to fully settle their disputes in accordance with

23  the terms of the Settlement Agreement attached hereto as **Exhibit "A,"** hereby STIPULATE

24  and AGREE that the Court may dismiss the Complaint filed in this matter with prejudice and

25  with both parties to bear their own attorneys' fees and costs. A proposed form of order is

26  lodged herewith.

27

1

**RESPECTFULLY SUBMITTED** this ___ day of November, 2023.

2

3   **ENGELMAN BERGER, PC**          **CLARK HILL PLC**
    2800 N. Central Avenue, Suite 1200   3200 N. Central Avenue, Suite 1600
4   Phoenix, Arizona 85004          Phoenix, Arizona 85012

5   By: /s/ *Michael P. Rolland, #30744*   By: /s/ *James L. Ugalde* (with permission)__
    Steven N. Berger               James L. Ugalde
6   Patrick A. Clisham            *Attorneys for Eastern Shipping Worldwide, Inc.*
    Michael P. Rolland
7   *Attorneys for GPMI Litigation Trust,*

8

9   **COPY** of the foregoing served via the
    Court's CM/EMF system, with a **COPY**
10  emailed on this      day of November, 2023, upon:

11  OFFICE OF THE U.S. TRUSTEE
    Attn:  Larry L. Watson
12  **Via Email:  Larry.Watson@usdoj.gov**

13  James L. Ugalde
    CLARK HILL PLC
14  *Attorneys for Eastern Shipping Worldwide, Inc.*
    **Via Email:  jugalde@clarkhill.com**
15

16

17  /s/_____

18

19

20

21

22

23

24

25

26

27

1

2

3

4

5

6 **IN THE UNITED STATES BANKRUPTCY COURT**

7 **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 8  In re: | Chapter 11 |
| 9  GPMI, CO., an Arizona corporation, | Case No. 2:22-bk-00150-EPB |
| 10  EIN 86-0635770 | Adv. Case No. 2:22-ap-00246-EPB |
| 11  Debtor. | |
| 12  GPMI, CO., an Arizona corporation, | **ORDER GRANTING STIPULATION TO DISMISS COMPLAINT WITH PREJUDICE** |
| 13  Plaintiff, | |
| 14  v. | |
| 15  EASTERN SHIPPING WORLDWIDE, INC. , an Illinois corporation, | |
| 16 | |
| 17  Defendants. | |

18       THE COURT, having considered the *Stipulation to Dismiss Complaint with Prejudice*

19 ("Stipulation") filed by Plaintiff, GPMI Litigation Trust and Defendant, Eastern Shipping

20 Worldwide, Inc., and finding good cause, HEREBY ORDERS:

21       1.   The Stipulation is approved.

22       2.   The Complaint in this matter is hereby dismissed with prejudice with each Party to

23             bear its own attorneys' fees and costs.

24

25 **DATED AND SIGNED ABOVE.**

26

27

DocuSign Envelope ID: AE9B1352-7E08-4E2F-9516-B0A53E0F66E8

# EXHIBIT "C"

1   STEVEN N. BERGER, SBA #009613
    PATRICK A. CLISHAM, SBA #023154
2   MICHAEL P. ROLLAND, SBA #030744
    **ENGELMAN BERGER, P.C.**
3   2800 NORTH CENTRAL AVENUE, SUITE 1200
    PHOENIX, ARIZONA 85004
4   _____
    Ph: (602) 271-9090
5   Fax: (602) 222-4999
    Email: snb@eblawyers.com
    Email: pac@eblawyers.com
6   Email: mpr@eblawyers.com
    _____
7   Counsel for GPMI Litigation Trust

8              **IN THE UNITED STATES DISTRICT COURT**

9                       **DISTRICT OF ARIZONA**

10  | In re: | Case No. CV-23-01547-DLR |
    | --- | --- |
11  | GPMI, CO., an Arizona corporation, | |
12  | EIN 86-0635770 | BK Case No. 2:22-bk-00150-EPB |
    | | Adv. Case No. 2:22-ap-00245-EPB |
13  | Debtor. | |

14

15  | GPMI, CO., an Arizona corporation, | **STIPULATION TO DISMISS** |
    | --- | --- |
16  | Plaintiff/Appellant, | **APPEAL** |

17  v.

18  EASTERN SHIPPING WORLDWIDE,
19  INC. , an Illinois corporation,

20              Defendant/Appellee.

21          Appellant, GPMI Litigation Trust and Appellee, Eastern Shipping Worldwide, Inc.,

22  through undersigned counsel hereby STIPULATE and AGREE that the Court may dismiss

23  this Appeal, with both parties to bear their own attorneys' fees and costs. A proposed form of

24  order is lodged herewith.

25  ///

26  ///

27  ///

1

**RESPECTFULLY SUBMITTED** this ___ day of November, 2023.

2

3

**ENGELMAN BERGER, PC**
2800 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004

**CLARK HILL PLC**
3200 N. Central Avenue, Suite 1600
Phoenix, Arizona 85012

4

By: /s/  *Michael P. Rolland, #30744*
Steven N. Berger
Patrick A. Clisham
Michael P. Rolland
*Attorneys for GPMI Litigation Trust,*

By: /s/ *James L. Ugalde* (with permission)__
James L. Ugalde
*Attorneys for Eastern Shipping Worldwide, Inc.*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DocuSign Envelope ID: AE9B1352-7E08-4E2F-9516-B0A53E0F66E8

1

2

## **CERTIFICATE OF SERVICE**

3     I hereby certify that on November __, 2023, I electronically transmitted the foregoing

4 *Stipulation to Dismiss Appeal* to the Clerk's Office using the CM/ECF System for filing and

5 transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

6

7 James L. Ugalde
CLARK HILL PLC

8 3200 N. Central Ave., Suite 1600
Phoenix, Arizona 85012
**Via Email: jugalde@clarkhill.com**

9 *Attorneys for Appellee Eastern Shipping Worldwide, Inc.*

10

By: /s/

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

3

DocuSign Envelope ID: AE9B1352-7E08-4E2F-9516-B0A53E0F66E8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Case No. CV-23-01547-DLR |
| GPMI, CO., an Arizona corporation, | |
| EIN 86-0635770 | BK Case No. 2:22-bk-00150-EPB |
| Debtor. | Adv. Case No. 2:22-ap-00245-EPB |

GPMI, CO., an Arizona corporation,

          Plaintiff/Appellant,

v.

EASTERN SHIPPING WORLDWIDE,
INC. , an Illinois corporation,

          Defendant/Appellee.

**ORDER GRANTING STIPULATION
TO DISMISS APPEAL**

THE COURT, having considered the *Stipulation to Dismiss Appeal* ("Stipulation") filed by Appellant, GPMI Litigation Trust and Appellee, Eastern Shipping Worldwide, Inc., and for good cause, HEREBY ORDERS:

    1. The Stipulation is approved.

    2. This Appeal is hereby dismissed, with each Party to bear its own attorneys' fees and
       costs.

**DATED AND SIGNED ABOVE.**